THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY MANYPENNY and KENNETH ENSER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON DIGITAL SERVICES LLC, and AMAZON TECHNOLOGIES, INC.,

Defendants.

Civil Action No. 2:26-cv-01534-TL

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Digital Services LLC, and Amazon Technologies, Inc. (collectively, "Amazon") respectfully request that the Court consider Exhibits A and B attached to the Declaration of Eugide Matondo in Support of Amazon's Motion to Dismiss ("Matondo Decl."), which are true and correct copies of the following documents:

Exhibit A: The Amazon Conditions of Use in place from September 14, 2022, to May 30, 2025.

Exhibit B: The Amazon Privacy Notice in place from March 31, 2024, to June 30, 2025.

## REQUEST FOR JUDICIAL NOTICE

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (internal citation omitted).

The "incorporation by reference doctrine" allows a court to "look beyond the pleadings" to "documents whose contents are alleged in a complaint and whose authenticity no party questions," "without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citations and internal quotation marks omitted). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Chaves v. Amazon.com Servs. LLC*, 2022 WL 1908827, at *3 (W.D. Wash. May 23, 2022), *R&R adopted*, 2023 WL 3301994 (W.D. Wash. May 8, 2023) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "The incorporation-by-reference doctrine 'prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'" *Taylor v. Amazon.com, Inc.*, 2025 WL 104381, at *3 (W.D. Wash. Jan. 15, 2025), *reconsideration denied*, 2025 WL 623738 (W.D. Wash. Feb. 26, 2025) (quoting *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018)); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1037–38 (9th Cir. 2010) (taking judicial notice of agreement integral to the complaint though not explicitly referenced in it).

The Court should consider the Amazon Conditions of Use and Privacy Notice in adjudicating Amazon's Motion to Dismiss because those policies are incorporated by reference into Plaintiffs' Complaint.

Plaintiffs Manypenny and Enser allege that they purchased televisions running Fire TV in May 2024 and October 2024, respectively, and used the televisions "from the purchase date up through the present." Compl. ¶¶ 17, 22. The Complaint alleges that "[w]hen setting up a new Fire TV," users are presented a screen that states "By clicking 'Continue' or 'Store Use,' you agree to Amazon's Conditions of Use at www.amazon.com/conditionsofuse." *Id.* ¶ 58. The same screen also refers directly to and hyperlinks "Amazon's Privacy Notice." *See id.* Plaintiffs admit that they agreed to these Conditions of Use. *Id.* ¶ 14 (alleging Amazon "contracted with Plaintiffs and other consumers to bring claims inter alia related to their Fire TVs in this District pursuant to the forum selection clause in Amazon's Conditions of Use"). The first section of the Conditions of Use is titled "PRIVACY" and hyperlinks to Amazon's Privacy Notice. *See* Matondo Decl., Ex. A at 1. The Conditions of Use state that the Privacy Notice "governs [Plaintiffs'] use of Amazon Service." *Id.*

These Conditions of Use and Privacy Notice, found in the Matondo Decl., Exs. A and B, respectively, are incorporated into the Complaint by reference. The Complaint alleges that Plaintiffs agreed to the Conditions of Use, Compl. ¶ 14, and that users of televisions running Fire TV agree to those same conditions before they use their televisions, *id.* ¶ 58. The Privacy Notice is referenced and hyperlinked in the Conditions of Use. *See* Matondo Decl., Ex. A at 1. Notwithstanding this, the Complaint asserts that Plaintiffs were not informed that Amazon would collect data about content that played on their television. *See, e.g.*, *id.* ¶¶ 19 (asserting that "[u]nbeknownst to Plaintiff Manypenny" ACR Tool collected data about content on television); ¶ 23 (same as to Plaintiff Enser); § B.ii; ¶¶ 57-60 (describing purported consent flow under heading "Plaintiffs did not (and could not) consent" to data collection) (cleaned up).

Because the Conditions of Use and Privacy Notice are referred to in the Complaint and Plaintiffs assert that they did not consent to the challenged data practices, these documents are incorporated by reference and the Court should consider them in deciding Amazon's Motion to Dismiss. *See Washington v. Flixbus, Inc.*, 2025 WL 1592961, at *3 (S.D. Cal. June 5, 2025) (ruling plaintiff incorporated privacy

policy and terms of service into complaint because "his claims depend on his allegation that he did not consent to Defendant's data practices" and "the complaint refers extensively" to them); *In re Pac. Mkt. Int'l, LLC*, 2026 WL 915050, at *2 n.4 (W.D. Wash. Apr. 3, 2026) (Lin, J.) (incorporating by reference where "web pages and articles quoted in this Order are critical to Plaintiffs' allegations regarding representations made by Defendant"); *Chaves*, 2022 WL 1908827, at *3 (taking judicial notice of website that was cited and relied upon in the complaint, and concluding that it was therefore incorporated by reference); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 791 & n.12 (N.D. Cal. 2019) (granting request for judicial notice regarding terms of service and use policy "because they are incorporated by reference into the complaint").

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its Request for Judicial Notice and consider the Amazon Conditions of Use and the Amazon Privacy Notice in adjudicating Amazon's Motion to Dismiss.

By: *s/ Charles C. Sipos*
Charles C. Sipos (Bar No. 32825)
Lauren J. Tsuji (Bar No. 55839)
**ASHURST PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
206-359-8000
*CSipos@ashurstperkins.com*
*LJTsuji@ashurstperkins.com*

By: *s/ Jonathan M. Sperling*
Jonathan M. Sperling (*Pro Hac Vice*)
Jordan Joachim (*Pro Hac Vice*)
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001-2170
212-841-1000
*jsperling@cov.com*
*jjoachim@cov.com*

Marianne Spencer (*Pro Hac Vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW

Washington, DC 20001-4956
202-662-6000
*mspencer@cov.com*

*Attorneys for Defendants*
*AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON DIGITAL SERVICES LLC and AMAZON TECHNOLOGIES, INC.*